UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

CARLOS M. VALENCIA,
and other similarly-situated individuals,

    Plaintiff,

v.

CATALINA HOTEL, LLC
and NUNO LOURENCO
individually,

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff CARLOS M. VALENCIA and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants CATALINA HOTEL, LLC and NUNO LOURENCO, individually and alleges:

## JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for retaliation, and unpaid regular and overtime wages, under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff CARLOS M. VALENCIA is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff was a covered employee for purposes of the Act.

3. Defendant CATALINA HOTEL, LLC (hereinafter CATALINA HOTEL) is a Florida corporation which has its place of business in Miami-Dade County within the jurisdiction of this Court. At all times material hereto, Defendant was and is engaged in interstate commerce.

4. The individual Defendant NUNO LOURENCO was and is now, general manager of CATALINA HOTEL. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the action raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants minimum and overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after June 2013, (the "material time") without being compensated minimum and overtime wages pursuant to the FLSA.

7. Corporate Defendant CATALINA HOTEL is a hotel located at 1756 Collins Avenue, Miami Beach 33139. Defendant operates the "Maxine's Bistro & Bar" at the same location, where Plaintiff worked.

8. Defendants CATALINA HOTEL and NUNO LOURENCO employed Plaintiff CARLOS M. VALENCIA as hosts and busser for the "Maxine's Bistro & Bar" from approximately May 10, 2016 through January 4, 2017, or 34 weeks.

9. Plaintiff was an hourly employee working a full-time position of more than 40 hours in a week period. Plaintiff was paid $8.05 an hour plus tips.

10. Plaintiff worked 5 days per week from Saturday to Wednesday, and he had an irregular schedule. Usually, Plaintiff worked from 6:00 or 7:00 AM to 3:00 or 4:00 PM. Plaintiff did not take any lunch break and he worked a total of 9 hours daily or 45 hours weekly.

11. While employed by Defendants Plaintiff worked in excess of 40 hours. However, Defendants failed to pay Plaintiff for every hour worked, and paid him for less than 40 hours in every week.

12. Based on paystubs that Plaintiff kept, Defendants failed to pay Plaintiff approximately 109 regular hours at the rate of $8.05, resulting in the amount of $877.45.

13. Additionally, Plaintiff was not paid for overtime hours at any rate, not even the minimum wage rate.

14. Therefore, Defendants CATALINA HOTEL and NUNO LOURENCO failed to pay Plaintiff CARLOS M. VALENCIA minimum wages and overtime hours according to the provisions of the Fair Labor Standards Act. (FLSA).

15. Plaintiff complained to general manager NUNO LOURENCO multiple times. Plaintiff complained about missing regular hours and overtime payment, every time Defendant stated that the time-keeping biometric system was malfunctioning, and

promised to take care of the problem, but they never reimbursed Plaintiff for the missing regular hours and overtime payment.

16. On or about January 4, 2017, Plaintiff was fired by general manager NUNO LOURENCO without any valid reason. Plaintiff states that he was fired in retaliation to his continuous complaints about missing hours, and because he tried to protect a co-worker from sexual harassment at the workplace.

17. Plaintiff CARLOS M. VALENCIA seeks to recover minimum and overtime wages hours that never were paid to him at the mandatory rate of time and a half his regular rate, retaliatory, liquidated damages and any other relief as allowable by law.

18. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum and overtime wages at the rate of time and one half of their regular rate of pay for any hour worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

20. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees…

for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

21. Defendant CATALINA HOTEL was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant provides lodging services to the general public and operates a bistro-bar. Defendant employed more than two employees engaged in interstate commerce. Through its business activity, Defendant affects interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

22. Plaintiff worked as a hosts and busser of the bistro-bar, and through his daily activities Plaintiff not only regularly, handled, or otherwise worked on goods and/or materials that have been moved in or produce for commerce, but he was engaged in activities which are closely related and directly essential to the production of goods/services. Plaintiff's activities were directed to the operations of facilities

providing services in interstate commerce. Therefore, there is FLSA individual coverage.

23. Defendants CATALINA HOTEL and NUNO LOURENCO employed Plaintiff CARLOS M. VALENCIA as hosts and busser from approximately May 10, 2016 through January 4, 2017, or 34 weeks.

24. Plaintiff was an hourly employee working a full-time position of more than 40 hours in a week period. Plaintiff was paid $8.05 an hour plus tips.

25. Plaintiff worked 5 days per week from Saturday to Wednesday, and he had an irregular schedule. Usually, Plaintiff worked from 6:00 or 7:00 AM to 3:00 or 4:00 PM. Plaintiff did not take any lunch break and he worked a total of 9 hours daily, or 45 hours weekly.

26. While employed by Defendants Plaintiff worked in excess of 40 hours. However, Defendants failed to pay Plaintiff for every overtime hour worked, and paid him for less than 40 hours in every week.

27. Plaintiff was paid bi-weekly with checks accompanied by paystubs reflecting less than 40 hours per week.

28. Therefore, Defendants CATALINA HOTEL and NUNO LOURENCO failed to pay Plaintiff CARLOS M. VALENCIA for overtime hours at the rate of time and a half his regular rate for every hour in excess of forty in a week period, as required by the Fair Labor Standards Act, (FLSA).

29. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information

and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

30. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

31. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of alleged unpaid wages</u>:

    Two Thousand Fifty-One Dollars and 90/100 ($2,051.90)

    b. <u>Calculation of such wages</u>:

    Total weeks of employment:  34 weeks
    Total relevant weeks of employment: 34
    Total number of hours worked:  45 hours average weekly
    Total number of overtime hours: 5 hours
    Wage rate: $8.05 an hour x 1.5= $12.07 O/T rate

    $12.07 x 5 O/T hours=$60.35 weekly x 34 weeks=$2,051.90

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

    This amount represents the unpaid overtime.

32. At all times material hereto, the Employer/Defendant CATALINA HOTEL failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

33. Defendant CATALINA HOTEL knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

34. At the times mentioned, individual Defendant NUNO LOURENCO was and is now, the general manager of Maxine's Bistro & Bar at CATALINA HOTEL. Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of CATALINA HOTEL in relation to the employees of CATALINA HOTEL, including Plaintiff and others similarly situated. Defendant NUNO LOURENCO had operational control of the business, determined working conditions of Plaintiff, and is jointly liable for Plaintiff's damages.

35. Defendants CATALINA HOTEL and NUNO LOURENCO willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remain owing Plaintiff these overtime wages, as set forth above.

36. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff CARLOS M. VALENCIA and those similarly-situated

respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendants CATALINA HOTEL and NUNO LOURENCO, on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff CARLOS M. VALENCIA actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff CARLOS M. VALENCIA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

38. This action is brought by Plaintiff CARLOS M. VALENCIA to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206

states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

39. Defendant CATALINA HOTEL was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant provides lodging services to the general public and operates a bistro-bar. Defendant employed more than two employees engaged in interstate commerce. Through its business activity, Defendant affects interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

40. Plaintiff worked as a hosts and busser of the bistro-bar, and through his daily activities Plaintiff not only regularly, handled, or otherwise worked on goods and/or materials that have been moved in or produce for commerce, but he was engaged in activities which are closely related and directly essential to the production of goods/services. Plaintiff's activities were directed to the operations of facilities providing services in interstate commerce. Therefore, there is FLSA individual coverage.

41. Defendants CATALINA HOTEL and NUNO LOURENCO employed Plaintiff CARLOS M. VALENCIA as hosts and busser for the "Maxine's Bistro & Bar" from approximately May 10, 2016 through January 4, 2017, or 34 weeks.

42. Plaintiff was an hourly employee working a full-time position of more than 40 hours in a week period. Plaintiff was paid $8.05 an hour plus tips.

43. While employed by Defendant Plaintiff worked 5 days per week from Saturday to Wednesday, a total of 9 hours daily or 45 hours weekly. However, Defendants failed to pay Plaintiff for every hour worked, and paid him for less than 40 hours in every week.

44. Even though Plaintiff punched in and out, his paystubs mostly reflected less than 40 working hour per week and he was always paid less than 40 hours. There is a substantial amount of hours that never were paid to Plaintiff at any rate, not even the minimum wage rate.

45. Therefore, Defendant CATALINA HOTEL failed to pay Plaintiff CARLOS M. VALENCIA minimum wages according to the provisions of the Fair Labor Standards Act. (FLSA).

46. Based on paystubs that Plaintiff kept, Defendants failed to pay Plaintiff for a minimum of 109 hours at the rate of $8.05 resulting in the amount of $877.45.

47. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff.

48. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

49. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures are subjected to modification as discovery could dictate. After Defendant produce time records and paystubs, calculations will be modified accordingly.

   a. <u>Total amount of alleged unpaid wages</u>:

   Eight Hundred Seventy-Seven Dollars and 45/100 ($877.45)

   b. <u>Calculation of such wages</u>:

   Total relevant weeks of employment: 34 weeks
   Total hours worked: 40 hours per week
   Florida Minimum Wage: $8.05

   $8.05 x 109 regular hours = $877.45

   <u>Nature of wages:</u>

   This amount represents unpaid Florida minimum wages rates.

50. Defendant CATALINA HOTEL unlawfully failed to pay minimum wages to Plaintiff. Plaintiff seeks to recover any unpaid wages accumulated during his time of employment.

51. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages since the commencement of Plaintiff employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages.

52. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

53. At the times mentioned, individual Defendant NUNO LOURENCO was and is now, the general manager of Maxine's Bistro & Bar at CATALINA HOTEL. Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of CATALINA HOTEL in relation to the employees of CATALINA HOTEL, including Plaintiff and others similarly situated. Defendant NUNO LOURENCO had operational control of the business, determined working conditions of Plaintiff, and is jointly liable for Plaintiff's damages.

54. Defendants CATALINA HOTEL and NUNO LOURENCO willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages as set forth above.

55. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CARLOS M. VALENCIA respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants CATALINA HOTEL and NUNO LOURENCO on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff CARLOS M. VALENCIA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

56. Plaintiff CARLOS M. VALENCIA re-adopts each and every factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

57. Defendant CATALINA HOTEL was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant provides lodging services to the general public and operates a bistro-bar. Defendant employed more than two employees engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

58. Plaintiff worked as a hosts and busser of the bistro-bar, and through his daily activities Plaintiff not only regularly, handled, or otherwise worked on goods and/or materials that have been moved in or produce for commerce, but he was engaged in activities which are closely related and directly essential to the production of goods/services. Plaintiff's activities were directed to the operations of facilities providing services in interstate commerce. Therefore, there is FLSA individual coverage.

59. Defendant CATALINA HOTEL was and is subjected to the provisions of the Fair Labor Standards Act (FLSA).

60. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

61. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for

hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

62. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

63. Defendant CATALINA HOTEL employed Plaintiff CARLOS M. VALENCIA as hosts and busser for the "Maxine's Bistro & Bar" from approximately May 10, 2016 through January 4, 2017, or 34 weeks.

64. Plaintiff was an hourly employee working a full-time position of more than 40 hours in a week period. Plaintiff was paid $8.05 an hour plus tips.

65. Plaintiff worked 5 days per week from Saturday to Wednesday, and he worked 9 hours daily, or 45 hours weekly.

66. While employed by Defendants Plaintiff worked in excess of 40 hours. However, Defendants failed to pay Plaintiff for every hour worked, and paid him for less than 40 hours in every week.

67. Additionally, Plaintiff was not paid for overtime hours at any rate, not even the minimum wage rate.

68. Therefore, Defendant CATALINA HOTEL failed to pay Plaintiff CARLOS M. VALENCIA minimum wages and overtime hours at the rate of time and one half his regular rate, according to the provisions of the Fair Labor Standards Act, (FLSA).

69. Plaintiff was not in agreement with the hours paid to him bi-weekly.

70. On or about November 11, 2016 Plaintiff complained about missing regular hours and overtime payment, to general manager NUNO LOURENCO. Defendant stated that the time-keeping biometric system was malfunctioning, and promised to take care of the problem.

71. Plaintiff was not reimbursed for the missing regular hours and overtime payment and he complained again on or about November 25, and December 11, 2016. Plaintiff complained to manager NUNO LOURENCO.

72. Plaintiff complained about unpaid regular hours and missing overtime payment for the last time on or about January 4, 2017.

73. These complaints constituted protected activity under the Fair Labor Standards Act.

74. The same day, January 4, 2017, in retaliation for these repeated complaints, Defendant NUNO LOURENCO fired Plaintiff, without further excuses.

75. At all time during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

76. There is closed proximity between Plaintiff's last protected activity and the date of his termination.

77. At the times mentioned, individual Defendant NUNO LOURENCO was and is now, the general manager of Maxine's Bistro & Bar at CATALINA HOTEL. Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of CATALINA HOTEL

in relation to the employees of CATALINA HOTEL, including Plaintiff and others similarly situated. Defendant NUNO LOURENCO had operational control of the business, determined working conditions of Plaintiff, and is jointly liable for Plaintiff's damages.

78. Defendants CATALINA HOTEL, and NUNO LOURENCO willfully and intentionally refused to pay Plaintiff minimum and overtime wages as required by the law of the United States as set forth above, and then retaliated against Plaintiff by firing him.

79. The motivating factor which caused Plaintiff's termination as described above was the complaint seeking overtime wages from the Defendants. In other words, Plaintiff would not have been discharged but for his complaint for overtime wages.

80. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

81. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff CARLOS M. VALENCIA respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants CATALINA HOTEL, and NUNO LOURENCO Plaintiff CARLOS M. VALENCIA recovers compensatory,

damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff CARLOS M. VALENCIA further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff CARLOS M. VALENCIA demands trial by jury of all issues triable as of right by jury.

Dated: January 27, 2017

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*